The board of education of Duplin County owned a building known as the teacherage. The plaintiffs leased the building from the county and moved into the house on or about 30 December, 1927. The building was operated by the plaintiffs as a boarding house for teachers. When the building was completed the same was wired by the defendant and this work was finished on or about the time the plaintiffs took possession. After the first of January, 1928, the defendant furnished current for the building continuously from said date until about 6 September, 1928, when the building was destroyed by fire.
Plaintiffs allege that they lost certain personal property in the fire and in addition, sustained a loss of profits through inability to operate the teacherage. An action for damages was brought in June, 1929, and in the complaint filed the plaintiffs alleged that the wiring was improperly and negligently done, and that such negligence was the cause of the fire. After hearing the evidence Special Judge Moore, nonsuited the cause and thereafter the present suit was instituted on or about 1 *Page 851 
September, 1931. At the close of the evidence the trial judge nonsuited the action upon the ground that the plaintiff had failed to make out a case against the defendant and upon the further ground that the court found as a fact "that this action is between the same parties upon the same cause of action and involves the same issues as the motion heretofore tried before Special Judge Clayton Moore, and that it appeared from this trial of the action that this suit is based upon substantially identical allegations and substantially identical evidence, and that the merits of the second issue are identically the same as the first cause," etc.
From judgment rendered plaintiffs appealed.
The merit of this cause is determined by the opinion in the case ofMerritt v. Power Co., ante, 259. The decision in the Merritt case was filed in October, 1933, and was, therefore, not available to the parties at the time this action was tried.
Affirmed.